IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKEL SANCHEZ,          )<br>                                       )<br>     Plaintiff,              )<br>                                       )<br>                                       )<br>     v.                            )<br>                                       )<br>UNITED STATES OF AMERICA, )<br>U.S. ATTORNEY THOMAS E. )<br> MOSS,                        )<br>                                       )<br>     Defendants.         )<br>_____) | Case No. CV-06-235-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 5). The motion is based on this Court's lack of subject matter jurisdiction. The United States Court of Federal Claims has exclusive jurisdiction over contract claims in excess of ten thousand dollars ($10,000) involving the United States. See 28 U.S.C. § 1491. Because Sanchez has claimed damages in the amount of ninety-six million dollars ($96,000,000) arising out of an alleged contract with the United States, the Court finds that it lacks jurisdiction to entertain Sanchez's claims.

Under 28 U.S.C. § 1631, the Court has the option to transfer the case to the Court of Federal Claims if it is in the interests of justice. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). While transfer to the court with

proper jurisdiction is normally within the interests of justice, the Court finds that Sanchez's Complaint also fails to demonstrate the elements necessary to establish the existence of a contract between Sanchez and the United States. Thus, an outright dismissal is appropriate in this case. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (listing the four necessary elements of a contract claim against the government). The Court sees no reason to waste judicial resources by transferring the case or conducting hearings on a case that lacks merit. Accordingly,

    NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Dismiss (Docket No. 5) shall be, and the same is hereby, GRANTED, and this case shall be dismissed in its entirety.

    The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED: **July 3, 2006**

B. LYNN WINMILL  
Chief Judge  
United States District Court